# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert R.,**
**Petitioner Below, Petitioner**

**vs)  No. 16-1121** (Mineral County 14-C-127)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert R., by counsel Jeremy B. Cooper, appeals the Circuit Court of Mineral County's November 10, 2016, order denying his amended petition for writ of habeas corpus.[1] Respondent Ralph Terry, Acting Warden, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in denying him habeas corpus relief on the ground of ineffective assistance of counsel and that he was prejudiced by cumulative trial error.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2010, petitioner was indicted on fifty-six counts of various sexual offenses alleged to have been perpetrated against four separate minors. Prior to trial, twenty-one counts of the indictment were dismissed. At trial, the jury convicted petitioner of thirty sexual

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Additionally, since the filing of the petition in this case, the warden at Mount Olive Correctional Complex has changed and the acting warden is now Ralph Terry. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

offenses, but it was unable to reach a verdict on the remaining five. The circuit court subsequently sentenced petitioner to a total of not less than one hundred and twenty-five years nor more than two hundred and ninety-five years of incarceration.

Following his convictions and sentence, petitioner filed a direct appeal with this Court. Of relevance to his instant habeas petition, petitioner alleged in his direct appeal that the trial court should have granted his motion for a mistrial due to certain remarks made by the prosecutor during the State's opening statement and that the trial court failed to conduct a proper hearing before admitting evidence of "other bad acts under" under Rule 404(b) of the West Virginia Rules of Evidence.[2] *See State v. Robert Scott R., Jr.*, 233 W.Va. 12, 18-20, 754 S.E.2d 588, 594-96 (2014). We held that, due to counsel's failure to object to the comments made by the prosecutor during the State's opening statement, petitioner had waived the issue. *Id.* at 20, 754 S.E.2d at 596. We also held, however, that even had the issue been properly preserved for appeal, no prejudice resulted from the comments.[3] *Id.* Similarly, with respect to petitioner's Rule

---

[2]Rule 404(b) of the West Virginia Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id.* at 404(b)(1). Such evidence may be admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2).

[3]During the State's opening statement, the prosecutor remarked that

As things move on, you may start to hear testimony, if they decide to present it. [Petitioner's trial counsel] already indicated to you that his client was going to testify. There may be other witnesses that will come in and tell you they think the [d]efendant is a great guy. They know him and they're shocked he would ever do something like this. They just wouldn't be able to believe it.

During that, and when you hear those things, remember back to what you're going to hear over the first part of the presentation of the evidence from the State. Remember the voices of the alleged victims. Remember what they were telling you. Remember that, if you hear testimony about the character of [petitioner], that that's a side that he gave to the public; that's a side that he would give to his friends and his family. Certainly he's not going to present a side in which he shows himself to be someone who might molest children at his home. So remember the voices of those victims during a time period that you're hearing any positive things; that this would not be the side that [petitioner] is going to present to those other people that might be here.

*Robert Scott R., Jr.*, 233 W.Va. at 19, 754 S.E.2d at 595. Petitioner argued in his direct appeal that these remarks prejudiced him because he did not call any character witnesses, the comments

(continued . . . )

404(b) assignment of error, although we found that the circuit court did not fully comply with the requirements of *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994), such failure amounted to harmless error.[4] *Robert Scott R., Jr.*, 233 W.Va. at 20-22, 754 S.E.2d at 596-98. Ultimately, we affirmed petitioner's convictions and sentence. *Id.* at 27, 754 S.E.2d at 603.

Petitioner then filed, on September 15, 2014, a pro se petition for writ of habeas corpus. The circuit court appointed counsel for petitioner; and petitioner filed an amended petition raising prejudicial pretrial publicity, ineffective assistance of counsel, constitutional errors in evidentiary rulings, and the presence of a tainted juror on the jury as grounds for relief. Following an omnibus hearing held on November 3, 2016, the circuit court, by order entered on November 10, 2016, denied petitioner's amended petition. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion

---

made it appear that he had an affirmative duty to put forth evidence, the comments suggested he had a bad character, and the trial court failed to instruct the jury to disregard the comments. *Id.*

[4]*McGinnis* requires that

> [w]here an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

193 W.Va. at 151, 455 S.E.2d at 520, Syl. Pt. 2.

standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues that the circuit court erred in denying his claim of ineffective assistance of counsel and asserts that he was prejudiced by cumulative trial error. With respect to his ineffective assistance of counsel claim, petitioner alleges two distinct deficiencies in his representation. First, petitioner asserts that trial counsel's failure to object during the State's opening statement, which resulted in a waiver of the right to raise that issue, "was by itself sufficient to deprive . . . [p]etitioner of appellate relief on those grounds." Petitioner acknowledges that this Court, nonetheless, found that the remarks were not prejudicial, but states that "it is clear that even if the Court found the remarks to be prejudicial error, [trial counsel's] conduct would have caused the error to be waived."

Second, petitioner claims that he received ineffective assistance of counsel due to counsel's failure to object to certain evidence. In petitioner's direct appeal, he assigned as error the circuit court's failure to hold a *McGinnis* hearing prior to admitting evidence that he sent pornographic text messages to a seventeen-year-old girl who was not one of the victims in his underlying case. *Robert Scott R., Jr.*, 233 W.Va. at 20, 754 S.E.2d at 596. We found that the court failed to hold a proper *McGinnis* hearing, but we also found the error to be harmless because, among other reasons, the evidence "was introduced without objection through two other witnesses[.]" *Id.* at 22, 754 S.E.2d at 598. Petitioner, consequently, contends that trial counsel's failure in this regard "was fully sufficient to cause [him] to be denied a new trial on direct appeal."

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). An ineffective assistance of counsel claim may be disposed of for failure to meet either prong of the test: "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W.Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citation omitted).

Petitioner's first claim of ineffective assistance of counsel concerning trial counsel's failure to object during the State's opening statement fails under the second prong of *Strickland*. Although we previously stated that "we believe that the prosecutor should not have made comments about [petitioner's] anticipated evidence," we also found that "the comments have not been shown to prejudice [petitioner]." *Robert Scott R, Jr.*, 233 W.Va. at 20, 754 S.E.2d at 596. This conclusion was predicated on five findings: first, the jury was instructed that what the

4

lawyers said during opening statements was not evidence. *Id.* Second, the prosecutor also informed the jury that petitioner might not put on evidence of his good character. *Id.* Third, the comments did not attack petitioner's character. *Id.* Fourth, the prosecutor had a good faith belief that petitioner would call character witnesses because petitioner informed the court that he had subpoenaed more than thirty witnesses. *Id.* Fifth, we found that "[i]t cannot be said that [petitioner] would have been acquitted by any impartial jury if the remarks complained of had not been made." *Id.* (internal quotations and citation omitted). In short, we specifically found that, even in the absence of any alleged error, the result of the proceedings would not have been different, thereby failing the second prong of *Strickland*.

We also disagree with petitioner's second contention that trial counsel's failure to object to the witnesses who testified concerning petitioner's pornographic text messages caused petitioner to be denied a new trial. In finding that the trial court's failure to hold the *McGinnis* hearing was harmless, we also recounted testimony from a witness that petitioner "fondled her breasts and rubbed her genital area one evening when she stayed at his home." *Id.* at 23, 754 S.E.2d at 599. We found it "very doubtful that the jury would focus upon testimony . . . concerning text messages" where "more relevant substantive testimony concerning an alleged sexual assault" was adduced. *Id.* We also recounted petitioner's wife's testimony that she saw him have sex with one of the victims, petitioner's stepson's testimony that petitioner forced him to have sex with one of the victims, and the fact that this case "involved four victims with similar evidence of grooming by [petitioner] for his sexual advances." *Id.* In sum, we found that the evidence was sufficient to convict petitioner even without testimony from the witness concerning the pornographic text messages. *Id.* Accordingly, even assuming that the failure to object amounted to error, we do not find that the result of the proceedings would have been different had trial counsel objected to the testimony concerning the pornographic text messages.

Petitioner's final assignment of error is that he was prejudiced by cumulative trial error. Petitioner argues that this Court's finding that an inadequate *McGinnis* hearing was held, coupled with the prosecutor's improper remarks and ineffective assistance of counsel, denied him his right to a fair trial.

We have previously held that "[w]here the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of such errors standing alone would be harmless error." Syl. Pt. 7, *State v. Tyler G.*, 236 W.Va. 152, 778 S.E.2d 601 (2015) (citation omitted). This doctrine is "applicable only when 'numerous' errors have been found." *Id.* at 165, 778 S.E.2d at 614 (citation omitted). "Two errors do not constitute 'numerous' for purposes of the cumulative error doctrine." *Id.* Even where the errors are numerous, if they are "insignificant or inconsequential, the case should not be reversed under the doctrine." *Id.* (citation omitted). The errors identified by petitioner are neither numerous nor consequential. As explained above, there was ample evidence upon which to base petitioner's convictions, even in the absence of the challenged conduct. *See also Robert Scott R., Jr.*, 233 W.Va. at 17-18, 754 S.E.2d at 593-94 (detailing the evidence presented against petitioner at trial). The few errors asserted did not deprive him of a fair trial.

5

For the foregoing reasons, we affirm the circuit court's November 10, 2016, order denying petitioner's amended petition for writ of habeas corpus.

Affirmed.

**ISSUED:**  January 8, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker